**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

DOUGLAS WINTER,                      :
Inmate No. 042629,                   :        PRISONER CIVIL RIGHTS
    Plaintiff,                       :        42 U.S.C. § 1983
                            :
    v.                               :
                            :        CIVIL ACTION NO.
ADMINISTRATOR, DOUGLAS               :        1:07-CV-923-TWT
COUNTY MEMORIAL                      :
HOSPITAL,                            :
    Defendant.                       :

## ORDER AND OPINION

Plaintiff, an inmate incarcerated at the Cobb County Adult Detention Center

in Marietta, Georgia, has submitted the instant civil rights action pursuant to 42

U.S.C. § 1983.  For the purpose of dismissal only, leave for Plaintiff to proceed

in forma pauperis [Doc. 2] is **GRANTED**, and the matter is before the Court for

a 28 U.S.C. § 1915A frivolity screening.

I.    The 28 U.S.C. § 1915A Frivolity Determination

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an

initial screening of a prisoner complaint to determine whether the action:  (1) is

frivolous or malicious; (2) fails to state a claim on which relief can be granted; or

(3) seeks monetary relief against a defendant who is immune from such relief.  A

claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or "indisputably meritless." <u>Caroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993). A claim may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>Brower v. County of Inyo</u>, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States. <u>Hale v. Tallapoosa County</u>, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. <u>Id.</u> If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915A. <u>See</u> <u>Chappell v. Rich</u>, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation).

2

II.    Plaintiff's Claim

Plaintiff has sued the Administrator of the Douglas County Memorial Hospital on behalf of his wife and himself. Plaintiff complains about conduct that occurred prior to the time that he was incarcerated – namely, his wife's treatment at the hospital while she was giving birth to their daughter. Plaintiff seeks monetary relief.

III.    Analysis of Plaintiff's Claim

Pretermitting whether Plaintiff has standing to raise any claims on behalf of his wife, Plaintiff has failed to state a constitutional claim. Instead, Plaintiff's complaints allege negligence or medical malpractice, neither of which are actionable under § 1983.  See Daniels v. Williams, 474 U.S. 327, 330 (1986) (an allegation of mere negligence is insufficient to state a claim under § 1983); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (stating that negligence or medical malpractice is not a constitutional violation); Lavender v. Kearney, No. 06-12449, 2006 WL 2971325 at *1 n.1 (11th Cir. Oct. 18, 2006) ("Mere negligence is not sufficient to establish a deprivation of liberty interests pursuant to § 1983."); McDowell v. Brown, 392 F.3d 1283, 1284 (11th Cir. 2004) (stating that a medical malpractice claim is insufficient to establish liability under § 1983).

3

Moreover, Plaintiff has not alleged that the Douglas County Memorial Hospital Administrator, a private party, acted under color of state law. Accordingly, Plaintiff has failed to state a viable claim under § 1983. <u>See</u> <u>Dye v. Radcliff</u>, No. 05-14742, 2006 WL 827296 at *2 (11th Cir. Mar. 30, 2006) ("'[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'") (citations omitted).

IV.    <u>Conclusion</u>

Based on the foregoing analysis, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted, and this action is hereby **DISMISSED** as frivolous, pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED**, this 9 day of _May_ , 2007.


_Thomas W. Thrash_
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

4

AO 72A
(Rev.8/82)